**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Tyler Q. Swensen, #015322
admin@wb-law.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Equity Income Partners Limited Partnership, an Arizona Limited Partnership; and Galileo Capital Partners, Ltd, a Cayman Islands Exempt Company,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**Chicago Title Insurance Company, a Nebraska corporation,**<br><br>**Defendant.** | Case No.  CV-11-1614-PHX-GMS<br><br>**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT ON SPECIFIC CLAIMS** |

Exclusively for purposes of perfecting the issues for appeal, Plaintiffs request that the Court enter final judgment pursuant to Rule 54(b) in favor of Defendant on Count I of Plaintiffs' First Amended Complaint FRCP, based solely on the Court's holding that Plaintiff's full-credit bids constituted payments against the principal amount of the loan under the Policies, thereby extinguishing the underlying secured obligation.

In making the foregoing request, Plaintiffs are not in any way agreeing that the Court was correct in its ruling in favor of Defendant on the aforementioned aspect of Defendant's Motion for Partial Summary Judgment, nor are Plaintiffs waiving their right to raise on appeal any

arguments that Plaintiffs have previously asserted to date in this action; including, but not limited to Plaintiffs' arguments that:

1. Judge Snow correctly held that Plaintiffs' loss occurred at the time the loan was made.
2. Judge Snow twice rejected Defendant's argument that Plaintiffs suffered no compensable loss as a result of making a full-credit bid to acquire the Property at the Trustee's Sale.
3. Defendant's assertion of the full-credit bid rule constituted an untimely affirmative defense that Defendant was estopped from raising based on Defendant's prior actions, statements and positions taken.
4. Arizona law does not give insurers such as Defendant the ability to invoke the full-credit bid rule as a basis for denying Plaintiffs' claim.
5. Arizona's courts have not and would not interpret and apply the full-credit bid rule in the manner advocated by Defendant.
6. There is no legal or factual basis for Defendant's untimely assertion of the affirmative defense that it was absolved from liability under the policy because its subrogation rights were allegedly impaired by Plaintiffs' full-credit bids.
7. There is no legal or factual basis for Defendant's untimely assertion of the affirmative defense that its liability under the policy was significantly limited because Plaintiffs allegedly caused a novation of the underlying loan.
8. Judge Snow incorrectly denied Plaintiff's Motion to Strike Portions of Defendant's Motion for Partial Summary Judgment based on the erroneous holding that said motion was moot.

/ / /

/ / /

/ / /

**RESPECTFULLY SUBMITTED** January 13, 2014

                    **WILENCHIK & BARTNESS, P.C.**

                    /s/ *Tyler Q. Swensen*
                    Dennis I. Wilenchik, Esq.
                    Tyler Q. Swensen, Esq.
                    The Wilenchik & Bartness Building
                    2810 North Third Street
                    Phoenix, Arizona 85004
                    admin@wb-law.com
                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January 2014, I electronically transmitted the foregoing instrument to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Patrick J. Davis
Nathaniel Rose
Fidelity National Law Group
2355 East Camelback Road, Suite 900
Phoenix, Arizona 85016
Attorneys for Defendant Chicago Title
Insurance Company


 /s/ *Tyler Q. Swensen*